IN ELBERT SUPERIOR COURT, MARCH TERM, 1831.

### GEORGE R. GILMER, Governor, &c. *vs.* BANKS BLACKWELL and BENJAMIN BOURNE.

#### *Illegality.*

Judgment cannot be entered upon a recognizance, until the securities have been required by *scire facias*, to show cause why judgment should not be entered against them.

IN this case the recognizance of the defendants had been forfeited at the preceding term : a judgment had been signed, and an execution had been issued and levied upon the property of the defendants, who made the affidavit of illegality, alleging that the execution had issued illegally against them because there had never issued a *scire facias*—that until they had been required by *scire facias* to shew cause why judgment should not be entered against them, no judgment could be legally entered and that any execution issued otherwise than upon judgment after *scire facias* was illegal and void. The facts alleged in the affidavit of illegality were admitted to be true.

And if judgment be so entered, and execution issues, it may be taken advantage of, by affidavit of illegality.

*Decision.* There is no state law regulating the subject. It is however admitted that the practice of issuing *scire facias* has been general throughout the state. The attempt made in this case to subject the defendants to execution without first calling upon them to show cause why judgment should not be entered against them, is a departure from that practice. It is understood that in Great Britain executions issue in the Courts of Exchequer upon forfeited recognizances

For the English practice on this subject, see 2

without first requiring the parties to show cause. But the Court of Exchequer in England is by a statute not in force

in this State, entitled to give relief in a summary manner in all cases where parties are entitled to it upon principles of justice. In this State no such authority has, by law, been given to the courts. If the practice of issuing execution upon forfeited recognizances is sustained, the defendants in execution may be compelled to pay the amount of the penalty in which they are bound, when in justice they ought to pay nothing. This would happen, 1st. Where the principal for whose appearance they were bound had died before the day at which he was bound to appear. 2dly. Where the principal was detained in jail by legal authority at a different place from that where he was bound to appear. 3dly. Where the principal has fallen into the hands of public enemies, and been detained by them in captivity. In each of these cases the bail would be entitled to their discharge upon payment of the costs of the *scire facias*. But in each of these cases they would be bound absolutely for the penalty, if the practice of issuing execution upon the forfeiture was sustained. The affidavit of illegality must be sustained.